## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Kevin Sullivan,

                             Case No: 10-CV-4076 (MJD/JJG)

           Plaintiff,

v.                                   **ORDER**

Unum Life Insurance Company of
America, Unum Group

           Defendants.

---

Denise Yegge Tataryn and Emeric J. Dwyer, Mansfield, Tanick & Cohen,
P.A., Counsel for Plaintiff.
Terrance J. Wagener and Molly R. Hamilton, Messerli & Kramer, P.A.,
Counsel for Defendants.

---

In the Order dated August 26, 2011, the Court granted summary judgment

to Plaintiff.  On September 15, 2011, Plaintiff filed a motion for attorney's fees

and costs, accompanied by affidavits, seeking an award of $89,794.42.

### I.    Standard

ERISA provides: "In any action under this subchapter . . . by a participant,

beneficiary, or fiduciary, the court in its discretion may allow a reasonable

attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  A fee

claimant must, however, show some degree of success on the merits.  Hardt v.

Reliance Standard Life Ins. Co., 130 S.Ct. 2149, 2158 (2010).   In this case, Plaintiff

obtained the relief sought, therefore this threshold is easily met.

In determining the proper amount of fees to award, the Court may

consider the following factors:

> (1) the degree of culpability or bad faith of the opposing party; (2)
> the ability of the opposing party to pay attorney fees; (3) whether
> an award of attorney fees against the opposing party might have
> a future deterrent effect under similar circumstances; (4) whether
> the parties requesting attorney fees sought to benefit all
> participants and beneficiaries of a plan or to resolve a significant
> legal question regarding ERISA itself; and (5) the relative merits
> of the parties' positions.

Martin v. Arkansas Blue Cross and Blue Shield, 299 F.3d 966, 969 n.4 (8th Cir.

2002) (citation omitted).  However, these five factors "are by no means exclusive

or to be mechanically applied." Id. at 972.

The Court also keeps in mind that

> ERISA is remedial legislation which should be liberally construed to
> effectuate Congressional intent to protect employee participants in
> employee benefit plans.  A district court considering a motion for
> attorney's fees under ERISA should therefore apply its discretion
> consistent with the purposes of ERISA, those purposes being to
> protect employee rights and to secure effective access to federal
> courts.

Starr v. Metro Sys., Inc., 461 F.3d 1036, 1040 (8th Cir. 2006) (citation omitted).

## II.     Merits of Plaintiff's Request for Attorney's Fees and Costs

After consideration of the five <u>Martin</u> factors, the Court concludes that

Plaintiff is entitled to an award of attorney's fees.  While the Court makes no

finding of bad faith on the part of Unum, the remaining factors weigh in favor of

an award.

## III.    Reasonable Amount of Attorney's Fees and Costs to Be Awarded

The lodestar method is the appropriate approach for the determining the

amount of reasonable attorney fees to be awarded in this case.  <u>Hensley v.

Eckerhart</u>, 461 U.S. 424, 433-34 (1983).  Under the lodestar method, the Court

determines "the number of hours reasonably expended on the litigation

multiplied by a reasonable hourly rate."  <u>Id.</u> at 433.

"[T]he fee applicant bears the burden of establishing entitlement to an

award and documenting the appropriate hours expended and hourly rates."  <u>Id.</u>

at 437.  "Plaintiff's counsel . . . is not required to record in great detail how each

minute of his time was expended.  But at least counsel should identify the

general subject matter of his time expenditures."  <u>Id.</u> at 437 n.12.

### A.      Reasonable Hourly Rate

Unum raises no objection to the hourly rates charged by Plaintiff's attorneys.  The Court concludes that the hourly rates charged were reasonable.

### B.      Reasonably Expended Hours

Unum raises a number of objections to the amount of attorney's fees and costs.  The Court has carefully reviewed Plaintiff's counsel's billing records and Unum's objections.  After such review, the Court finds that the hours expended generally are reasonable with one exception.  Many hours were spent on research concerning the argument that Minnesota law precluded application of the abuse of discretion standard.  The Court found the argument completely without merit, and finds the time spent on preparing for such argument is not reasonable.  Accordingly, the award for attorney's fees will not include twenty hours billed at the rate of $325 per hour, 5.15 hours billed at the rate of $170 per hour and 4.8 hours billed at the rate of $135 per hour.

### C.      Total Award of Fees and Costs

Given the Court's above rulings, the Court awards $80,460.50 in attorney's fees and $1,310.42 in costs to Plaintiff.

This matter is now resolved.  The Court therefore directs the Clerk to enter judgment reflecting this order and the Court's August 26, 2011 summary-judgment order and memorandum.  The Court reiterates below those aspects of the Court's summary-judgment order that should be included in the final judgment.

## ORDER

Based on the foregoing and on all of the files, records and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      Plaintiff is entitled to benefits under the long-term disability plan and is entitled to retroactive monthly benefits from March 2009, to June 14, 2011, in the amount of $7,107, less $155.20 for the months March 2009 through December 2009 and less $139.70 for the month of January 2010; and

2.      Defendants Unum Life Insurance Company of America and Unum Group are hereby ordered to pay a total of $81,770.52 in attorneys' fees and costs.


Dated:  November 18, 2011            s/ Michael J. Davis
                                     Michael J. Davis
                                     Chief Judge of the District Court